

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,647

### EX PARTE JIMMIE MARK PARROTT, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1227343-B IN THE 230TH DISTRICT COURT
### HARRIS COUNTY

MEYERS, J., filed a dissenting opinion.

### DISSENTING OPINION

By concluding that Applicant must prove harm to obtain relief in a writ of habeas corpus premised on an illegal-sentence claim, the majority essentially created a new law without any basis. In effect the majority has done nothing. The majority determined that Applicant failed to prove harm because he had been previously convicted of other offenses that support the punishment range within which he was previously admonished and sentenced. That is not a measure of lack of harm, but just an opinion of how the State

could have gotten it right. The State is not entitled to do it over and we have no clue as to whether or not the other final convictions were valid. The habeas judge found that *based on the record* there were alternative, prior felony convictions that could have been used to enhance Applicant's punishment.

What right does this judge have to say that these prior convictions were valid? And where does the majority leave Applicant now?

Well this guy is now completely out of luck because he cannot appeal this denial and he cannot file another writ. Yet, there is no final judgment and he is still serving an illegal sentence. The majority did not correct the problem or substitute another offense to enhance his punishment, and we do not even know whether any of the alternative prior felony convictions were valid. Instead of creating new law, the majority should have vacated the plea.

With these comments, I respectfully dissent.

Meyers, J.

Filed: January 9, 2013
Publish